FILED

JUN 02 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTHER G. WILSON,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br><br>        Defendant - Appellee. | No. 10-35212<br><br>D.C. No. 3:08-cv-5738-RBL-KLS<br><br><br>ORDER WITHDRAWING<br>MEMORANDUM<br>DISPOSITION, GRANTING<br>PETITION FOR REHEARING,<br>AND DENYING PETITION FOR<br>REHEARING EN BANC |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted November 4, 2010
Seattle, Washington

Before: B. FLETCHER and BYBEE, Circuit Judges, and WILKEN, District Court
Judge. *

    The panel has voted to grant in part the petition for panel rehearing, and the

memorandum disposition filed on December 21, 2010, is withdrawn.

---

      \*     The Honorable Claudia Wilken, United States District Judge for the
Northern District of California, sitting by designation.

Judge Bybee has voted to deny the petition for rehearing en banc, and Judges B. Fletcher and Wilken have recommended to deny the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing is GRANTED in part. The petition for rehearing en banc is DENIED.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTHER G. WILSON, | No. 10-35212 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05738-RBL |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted November 4, 2010
Seattle, Washington

Before: B. FLETCHER and BYBEE, Circuit Judges, and WILKEN, District
Judge.**

Esther G. Wilson appeals the district court's decision affirming an

administrative law judge's (ALJ) decision that she was not disabled as of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The Honorable Claudia A. Wilken, United States District Judge for
the Northern District of California, sitting by designation.

September 29, 2004. Wilson argues that the ALJ erred by improperly evaluating the medical evidence, improperly assessing Wilson's testimony to be less than fully credible, improperly discrediting lay witness testimony, and improperly determining Wilson's residual functional capacity (RFC). She claims that the district court erred in affirming the ALJ's decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand to the district court with instructions to remand to the Commissioner of Social Security ("Commissioner") for further proceedings.

We review de novo a district court's order upholding a denial of social security benefits. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). The ALJ's decision must be upheld if it is supported by substantial evidence and based upon the correct legal standards. Id. Substantial evidence is more than a mere scintilla but less than a preponderance. Id. "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation marks omitted).

The ALJ properly discredited Dr. Stout's August 2007 assessment that Wilson's functional activities were extremely limited due to debilitating pain because Dr. Stout had noted on June 28, 2007, when he last examined Wilson, that

2

her pain was significantly improved due to her new pain medication, such that she could undertake activities of daily living and part-time work. Dr. Stout's June 28, 2007, assessment quoted Wilson as stating that her new pain medication was working well and that she was satisfied with it. Thus, the ALJ provided clear and convincing reasons supported by substantial evidence in the record for rejecting Dr. Stout's August 2007 assessment. See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).

The ALJ also properly assessed Wilson's testimony as only partially credible because, at the administrative hearing, she did not acknowledge any improvement in her pain as a result of the new pain medication even though, only two months earlier, she had told Dr. Stout that the medication was working well. The ALJ also relied on an April 28, 2005, psychiatric report noting that although Wilson stated she was experiencing constant pain such that she could not stand or do housework, she presented a pleasant demeanor and an euthymic mood, with no behavior evidencing pain. These are clear and convincing reasons to discredit some of Wilson's testimony. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ properly rejected the lay testimony of Wilson's husband and son. The ALJ noted that Appellant reported that she could engage in very few activities

of daily living and that the declarations of her husband and son were consistent with Appellant's complaints. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ's reasons for rejecting claimant's testimony provided germane reasons for rejecting substantially similar testimony of claimant's wife). We also note that the lay testimony consisted of declarations completed in March 2005, which was two years prior to June 2007, when the new pain medication was prescribed for Wilson, which the record indicated alleviated her pain.

The ALJ made two errors, however, that necessitate our reversal and limited remand. First, it is not clear from the ALJ's decision that the ALJ properly considered Dr. Stout's June 28, 2007, assessment that, on medication, Wilson was "able to work part time." During a hearing before the ALJ, the vocational expert ("VE") testified that if Wilson were limited to a sit/stand option with only two hours of sitting and two of hours of standing, no jobs would be available in the national economy. The ALJ found that Wilson "require[d] a sit/stand option," but did not specify why he found Wilson could work jobs existing in significant numbers in the national economy despite (1) Dr. Stout's assessment that Wilson could work part time and (2) the VE's testimony that a four-hour per day part-time job with a sit/stand requirement would preclude Wilson's employment. In light of this concern, we remand to the district court to remand to the Commissioner for the

limited purpose of reconsidering Wilson's eligibility for disability benefits at steps four and five. See 20 C.F.R. § 404.1520(a)(4)(iv), (v).

Second, the ALJ erred in not giving controlling weight to the opinion of Wilson's treating physician, without discussing why that opinion should be discounted. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); 20 C.F.R. § 404.1527(d)(2). By regulation, the ALJ is required to "apply [listed] factors" and "give good reasons . . . for the weight [he] g[a]ve [Wilson's] treating source's opinion." 20 C.F.R. § 404.1527(d)(2); see id. at (d)(2)–(6). The ALJ failed to do this for Dr. Stout's June 28, 2007, assessment. Instead, the ALJ implicitly gave greater weight to the Disability Determination Service's ("DDS") May 2005 assessment that Wilson could work "standing 2/8 hrs" than to Dr. Stout's opinion that Wilson could work part time. Because the May 2005 DDS assessment was not conducted by a treating physician, the ALJ should not have given greater weight to the opinions represented in the May 2005 DDS assessment than to Wilson's treating physician's opinion without explaining the § 404.1527(d)(2)–(6) factors that render the treating physician's opinion not "controlling." Id.

For the foregoing reasons, we reverse and remand to the district court with instructions to remand to the Commissioner for further proceedings consistent with this opinion.

5